GREAT AMERICAN INSURANCE          )
COMPANY, an Ohio Insurance        )
Company,                          )
                                  )
            Plaintiff             )
                                  )
        v.                        )   CIVIL NO. 4:11 cv 20
                                  )
ARCHITECTURAL MATERIALS, INC.;    )
PEREGRINE CO., INC.; JOHN         )
BRENAN; MARLA BRENAN,             )
                                  )
            Defendants            )

## OPINION AND ORDER

This matter is before the court on the Motion to Compel
Compliance with Stipulated Order and/or for an Order to Show
Cause Why John Brenan and Marla Brenan Should Not be Held in
Contempt [DE 39], and the Motion for Oral Argument on its Motion
to Compel [DE 41] filed by the plaintiff, Great American Insur-
ance Company, on June 28, 2011.  For the following reasons, the
Motion to Compel [DE 39] is **GRANTED,** and the Motion for Oral
Argument [DE 41] is **DENIED.**

## Background

The plaintiff, Great American Insurance Company, filed a
complaint on April 4, 2011, alleging  that the defendants,
Architectural Materials, Inc., Peregrine Co., Inc., John Brenan,
and Marla Brenan, unilaterally and materially breached their
contractual duties under several indemnity agreements the parties

entered. GAIC complains that the defendants failed to indemnify and hold GAIC harmless from potential liability on several bonds from construction projects that the defendants abandoned and refused to perform. GAIC is seeking exoneration and specific performance of the indemnity agreements.

On April 13, 2011, GAIC filed a motion for a temporary restraining order or preliminary injunction fearing that the Brenans would transfer or deplete their assets. On May 5, 2011, the parties informed the court that they reached an agreement on the issues raised in GAIC's motion for injunctive relief and would file an agreed order setting forth the terms of their agreement. The court entered the stipulated order on May 9, 2011.

The stipulated order set forth specific information that the defendants were to provide GAIC and imposed a deadline of May 11, 2011. GAIC contends that despite repeated written and oral demands, John and Marla Brenan have failed to comply with the terms of the order, specifically paragraphs 4B, 4D, 4G, 4H, and 4L. GAIC also contends that the information currently before it strongly indicates that the Brenans have not disclosed all of their assets and corporate ownership as instructed by the order. The Brenans argue that they have complied with the court order by

providing suitable information.  GAIC now moves to compel compliance with the stipulated order of the court.

Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things."  Federal Rule of Civil Procedure 26(b)(1).  For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  ***Chavez v. DaimlerChrysler Corp.,*** 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* ***Oppenheimer Fund, Inc. v. Sanders,*** 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).  Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard.  ***Borom v. Town of Merrillville***, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003)).  *See also* ***Adams v. Target,*** 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the

action."); ***Shapo v. Engle,*** 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses.  Federal Rule of Civil Procedure 37(a)(2)-(3).  The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Gregg v. Local 305 IBEW***, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing* ***Kodish v. Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co.***, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted).  The objecting party must show with specificity that the request is improper. ***Cunningham v. Smithkline Beecham***, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* ***Graham v. Casey's General Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002)).  That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calcu-lated to lead to the discovery of admissible evidence." ***Cunning-ham***, 255 F.R.D. at 478 (*citing* ***Burkybile v. Mitsubishi Motors***

***Corp.,*** 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." ***Berning v. UAW Local 2209***, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining ***Patterson v. Avery Dennison Corp.,*** 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted).

GAIC is seeking compliance with the stipulated order the court entered May 9, 2011. GAIC specifically points to paragraphs 4B, 4D, 4G, 4H, 4L, and information about assets and corporate ownership interests that the Brenans have not disclosed.

Paragraph 4B of the stipulated order states that the Brenans are required to produce sworn and notarized financial statements of all assets in which they have or claim an interest, whether located in the United States or in a foreign country. Each financial statement is required to include information sufficient to identify the assets, including such details as the name, address, and account number. The Brenans initially provided a joint financial statement which was not sworn or notarized and did not set forth sufficient information to identify the ac-

counts.  GAIC then requested, and the Brenans subsequently

provided, a sworn addendum.  GAIC complains that the addendum

does not comply with Indiana's notary requirements and does not

identify the assets sufficiently.

Indiana Code §33-42-3-1 states that "[a] person commissioned

as a notary public by the state shall append a true statement of

the date of the expiration of the notary's commission as a notary

public to any certificate of acknowledgment of a deed, mortgage,

or other instrument or any jurat or other official document at

the time the document is signed."  The Brenans' sworn financial

statement does not bear the date.  It is assumed the parties, in

reaching the agreement, intended for the statement to be submit-

ted in compliance with Indiana's notary law. The Brenans are

**ORDERED** to produce a sworn financial statement complying with

Indiana's notarization requirements.

GAIC also points to specific documents the Brenans did not

provide that related to the assets and liabilities referenced in

their financial statement.  Specifically, the Brenans did not

provide any information with respect to the following assets and

liabilities: accounts and loans receivable, other assets, retire-

ment assets, life insurances, other notes, IRS back taxes, per-

sonal, legal fees, mortgage on their primary residence, and other

notes payable. The defendants' short response, in essence,

recognizes these shortcomings but purports that the information they provided was "suitable enough." However, the sufficiency of the information provided is not the Brenans' judgment call. The Brenans have provided no explanation why they believe they complied, why the additional information GAIC requests is shielded from discovery, or why the information is not subject to the order. Because the order mandates that the Brenans must produce information sufficient to identify their assets, it appears that the information GAIC now requests falls squarely within the ambits of the stipulated order. Absent a demonstration to the contrary, the court **GRANTS** GAIC's motion with respect to the information requested in compliance with Paragraph 4B.

Paragraph 4D of the stipulated order states that the Brenans must provide sworn and notarized statements of all transfers of assets since October of 2008 over which the Brenans had an interest, with information sufficient to identify each transfer. The Brenans again failed to provide a sworn or notarized statement, and then provided an addendum that fell short of Indiana's notary requirements. For the reasons set forth above, the Brenans are **ORDERED** to provide a notarized statement that complies with Indiana Code §33-42-3-1.

GAIC also points to deficiencies in the content of the information the Brenans provided. Specifically, the Brenans did

not provide any information sufficient to identify over one million dollars worth of cash transfers from their checking, savings, and Charles Schwab accounts. The Brenans' only response was that "they provided any information as to any assets transferred as referenced by 4D." However, the Brenans do not point to any specific information they provided referencing the cash transfers that GAIC claims are lacking documentation. In light of the stipulated order mandating the Brenans to turn over information sufficient to identify what occurred to any assets they may have transferred, the court finds that the Brenans must produce documentation explaining where the money liquidated from their checking, savings, and Charles Schwab account was transferred.

Paragraph 4G of the stipulated order requires the Brenans to produce copies of all documents that evidence, reference, or relate to any transfers of assets by or on their behalf to any entity or person since October of 2008. As explained above, the Brenans failed to provide documents explaining what occurred to the cash liquidated from their savings, checking, and Charles Schwab accounts. Additionally, the Brenans have acknowledged that they transferred their interest in the Abby Manor Apartment in August 2010, but they only produced the first page of the

settlement statement regarding the transfer.[1]  The Brenans did

not address their failure to provide the information required by

paragraph 4G of the stipulated order, and any arguments in

opposition are considered waived.  *See **Hernandez v. Cook County***

***Sheriff's Office***, 634 F.3d 906, 913 (7th Cir. 2011) (explaining

that arguments not raised in response to a motion are considered

waived); ***Palmer v. Marion County***, 327 F.3d 588, 597-98 (7th Cir.

2003) (same).  Because the settlement statement relates to the

transfer of the Brenans' assets, it is subject to Paragraph 4G of

the stipulated order in its entirety.  The court **GRANTS** GAIC's

motion with respect to this issue.

Paragraph 4H of the stipulated order requires the Brenans to

produce all documents that evidence, reference and/or relate to

any corporations or other legal entities, whether located in the

United States or in a foreign country, in which they have or

claim any interest. The Brenans provided certificates of incorpo-

ration for AMI and Peregrine, but the certificates fail to

provide any information regarding the ownership of the companies

and how the Brenans obtained their interest.  Given the broad

language of the stipulated order encompassing all documents that

relate to any corporation in which the Brenans have an interest,

---

[1]The statement also reveals that the name of the seller is BH2, LLC, a
corporation in which John D. Brenan appears to have an undisclosed ownership
interest.

the Brenans were required to provide all information regarding their ownership interest and how it was obtained. The Brenans responded that they provided information concerning Architectural Materials, Inc., and Peregrine, disclosed their ownership interests, and explained that the parties agreed that GAIC would contact the defendants' Nevada attorney to obtain the information. Because the stipulated order encompasses all information pertaining to the Brenans' interest in AMI and Peregrine, the Brenans are required to make this information available, either by turning it over to GAIC directly or through their Nevada attorney, as they explain it previously was made available.

Furthermore, GAIC has significant information and documentation indicating that the Brenans have not disclosed all of their assets and corporate ownership interests. GAIC explained that it found six companies that have significant links to the Brenans, including: Arete LLC, an Indiana company whose entity and registered agent address is the Brenans' primary residence and John Brenan is the registered agent; BH2 LLC, an Indiana company whose entity and registered agent address is the Brenans' primary residence, John Brenan is the registered agent and a partner in the company, and Marla Brenan is listed as the president of the company; Bencyn Lubricants, Inc., an Indiana corporation that merged with a Michigan corporation of the same name, whose plan

of merger was signed by John Brenan as president; Brenodge
Properties, LLC, an Indiana company whose entity and registered
agent address is the Brenans' primary residence, John Brenan is
also the registered agent, and he organized the company, having
signed all the paperwork; Brenodge Properties, LLC, a company
registered in the United States Virgin Islands, which was orga-
nized by John Brenan, who signed the Acknowledgment in Indiana;
and Orion Minerals LLC, an Indiana company whose entity and
registered address is the Brenans' primary residence and John
Brenan is listed as president.  The Brenans deny any interest in
any of these businesses, yet fail to explain the significant
connections tying them to these businesses.

It is difficult for the court to understand how the Brenans
deny any interest in the companies, specifically BH2.  GAIC
presented evidence that John Brenan signed a purchase agreement
on behalf of BH2 as its member.  A member is defined as someone
with an ownership interest, and Indiana treats such an interest
as personal property of the member.  Ind. Code §23-18-6-2 ("The
interest of a member in a limited liability company is personal
property"); *Glentel, Inc. v. Wireless Ventures, LLC*, 362
F.Supp.2d 992, 1005, n.24 (N.D. Ind. 2005) (noting that members
of limited liability corporations are the equivalent of stock-
holders in corporations).  This evidence clearly reflects that

John Brenan had an ownership interest in BH2 at one time that was either not reported as an ownership interest as required by Paragraph 4H or a transfer of interest as the Brenans were obligated to disclose in response to Paragraph 4G.

In light of the myriad of evidence linking the Brenans to the six companies GAIC identified, and the Brenans' absence of explanation addressing this evidence, the court **GRANTS** GAIC's motion on this issue. The Brenans are **ORDERED** to produce to GAIC all business, financial, and all other records, books and other documents that in any way evidence, reference or relate to the ownership and membership of Arete, LLC, BH2, LLC, Bencyn Lubri-cants, Inc., Brenodge Properties, LLC, an Indiana limited liabil-ity company, Brenodge Properties, LLC, a limited liability com-pany registered in the U.S. Virgin Islands, Orion Minerals, LLC, and any other entities in which the Brenans have an interest.

In Paragraph 4L of the stipulated order the parties agreed that the Brenans would execute all documents GAIC requested to perfect a security interest in the Brenans' real property. GAIC granted the Brenans an extensive amount of time to provide the executed mortgages, yet the Brenans have failed to provide the mortgages in a recordable form. The Brenans responded that they are ready to execute the mortgages on the real estate in Indiana and Wyoming, but they will not agree to provide the warranties

and representations GAIC requested.  GAIC contends that the mortgage the Brenans are prepared to execute does not give GAIC an immediate right in the property and fails to comply with Paragraph J of the stipulated order which grants GAIC the immediate right to collateral in the form of money, property, liens, or mortgages. The Brenans did not explain why they refused to comply with GAIC's request.

Because the language of the stipulated order provides that the Brenans will execute all documents "requested" by GAIC to perfect a security interest in real property, the Brenans are obligated to comply with GAIC's request.  The Brenans must produce the mortgage documents as requested so that GAIC can perfect its interest.  The Brenans have not demonstrated good cause to deviate from the court's order, nor have they requested or shown that the stipulated order should be amended.  Because the plain language of the order demands that the Brenans produce the documents GAIC requests to perfect its security interest, the court **GRANTS** GAIC's motion with respect to this issue.

GAIC similarly demonstrated that the Brenans failed to execute documents that would give GAIC a lien on all motor vehicles the Brenans own or claim an interest in, as was required in Paragraph O of the stipulated order.  The Brenans did not respond to this argument, and any opposition is considered

waived. *See **Hernandez***, 634 F.3d at 913 (explaining that argu-

ments not raised in response to a motion are considered waived);

***Palmer***, 327 F.3d at 597-98 (same). In accordance with Paragraph

4L, the Brenans are **ORDERED** to provide the information GAIC

requests to perfect the lien on the Brenans' motorized vehicles.

Based on the foregoing, GAIC's motion to compel is **GRANTED.**

**IT IS ORDERED** that within three days of entry of this order, John

D. Brenan and Marla R. Brenan are to send to GAIC via overnight

mail, executed original copies of the mortgages GAIC submitted to

the Brenans in connection with the Brenans' property located in

Indiana and Wyoming.

**IT IS FURTHER ORDERED** that within seven days of entry of

this order, John D. Brenan and Marla R. Brenan must file docu-

ments with the Indiana Bureau of Motor Vehicles sufficient to

grant GAIC unconditional liens on all motor vehicles, motorcy-

cles, boats and recreational vehicles the Brenans own or in which

they claim an interest, to include, but not limited to, the

motorized vehicles identified in the information and documents

the Brenans provided to GAIC pursuant to the stipulated order.

The Brenans are to provide copies of the documents evidencing the

granting and filing of such liens to counsel for GAIC upon

request.

**IT IS FURTHER ORDERED** that within seven days of entry of this order, John D. Brenan and Marla R. Brenan and their employees, agents, representatives, and all persons or legal entities working on their behalf or for their benefit, must produce to GAIC all business, financial and all other records, books and other documents that in any way evidence, reference or relate to the following legal entities:

1. Arete LLC, an Indiana limited liability company;

2. BH2, LLC, an Indiana limited liability company;

3. Bencyn Lubricants, Inc., an Indiana corporation;

4. Brenodge Properties LLC, an Indiana limited liability company;

5. Brenodge Properties LLC, a limited liability company registered in the United States Virgin Islands;

6. Orion Minerals, LLC, an Indiana limited liability company.

**IT IS FURTHER ORDERED** that within seven days of entry of this order, John D. Brenan and Marla R. Brenan and their employees, agents, representatives, and all persons or legal entities working on their behalf or for their benefit, must produce to GAIC all business, financial and all other records, books, and other documents that in any way evidence, reference, or relate to

any legal entities in which the Brenans claim or have an ownership interest.

**IT IS FURTHER ORDERED** that within seven days of entry of this order, John D. Brenan and Marla R. Brenan and their employees, agents, representatives, and all persons or legal entities working on their behalf or for their benefit must produce to GAIC all business, financial, and all other records, books and other documents that in any way evidence, reference or relate to personal and real property, and all other property and assets of any nature in which the Brenans may have or claim an interest that is located in the United States or outside the contiguous United States.

**IT IS FURTHER ORDERED** that within seven days of entry of this order, John D. Brenan and Marla R. Brenan and their employees, agents, representatives, and all persons or legal entities working on their behalf or for their benefit must produce to GAIC all records, books, and documents that in any way evidence, reference, or relate to the transfers of cash, assets, and other interests from the Brenans' savings and checking accounts at Lafayette Bank & Trust, NA and account(s) with Charles Schwab. The documents produced must provide information sufficient to determine (1) who authorized the transfer of the cash, asset or other interest; (2) to what person or legal entity the cash,

asset or other interest was transferred; and (3) contact and account information for the person or legal entity to whom and where the cash, asset or other interest was transferred.

**IT IS FURTHER ORDERED** that within seven days of entry of this order, John D. Brenan and Marla R. Brenan and their employees, agents, representatives, and all persons or legal entities working on their behalf or for their benefit must produce to GAIC all records, books and documents that in any way evidence, reference, or relate to the assets and liabilities referenced in statements the Brenans provided to GAIC pursuant to the terms of the stipulated order, to include, but not limited to: (1) accounts and loans receivable; (2) "other assets"; (3) retirement assets; (4) life insurance; (5) other notes; (6) IRS back taxes, personal; (7) legal fees; (8) mortgage on their primary residence; (9) "other notes payable", including any loans by and between the Brenans and their relatives; and (10) the sale of Abby Manor Apartment.

GAIC also requests for the court to hold the Brenans in contempt for their failure to comply with the stipulated order and for deceiving GAIC and the court of their interests in the six companies GAIC independently discovered the Brenans have significant ties and possibly an ownership interest in. "A litigant may be held in contempt if his adversary shows by clear

and convincing evidence that 'he violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" ***N.L.R.B. v. Cincinnati Bronze, Inc.***, 829 F.2d 585, 590 (6th Cir. 1987); ***Goluba v. School Dist. of Ripon***, 45 F.3d 1035, 1037 (7th Cir. 1995). "The district court 'must be able to point to a decree from the court 'which sets forth in specific detail an unequivocal command' which the party in contempt violated.'" ***Goluba***, 45 F.3d at 1037. The burden then shifts and the party opposing the motion must demonstrate why he is unable to comply with the order. ***United States v. Rylander***, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). The court should not take the authority to hold a party in contempt lightly and should only do so when it is necessary to induce performance of a court order. ***Electrical Workers Pension Trust Fund of Local Union #58 v. Gary's Electrical Service Co.***, 340 F.3d 373, 378 (6th Cir. 2003) (*citing* ***Gompers v. Buck's Stove & Range Co.***, 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797 (1911).

GAIC demonstrated that the Brenans failed to comply with the substance and time constraints imposed by the stipulated order. The Brenans did not provide accurate and descriptive financial statements, statements regarding transfers of assets, or evidence of corporate ownership interests. Nor did the Brenans produce

documents necessary for GAIC to secure its interest in the Brenans' assets within the time constraint stated in the stipulated order.  GAIC made an effort to communicate and allow the Brenans to comply with the order, even extending deadlines to allow the Brenans to provide correct and complete information. The Brenans not only failed to comply, but insisted in a short, ambiguous response that they provided sufficient information to comply with the stipulated order without explaining the efforts they took to comply.

What is more alarming is the Brenans' persistence that they do not have any interest in the six companies GAIC discovered the Brenans have significant ties to.  The Brenans continue to represent to the court and GAIC that they do not have any interest in any of the companies, however, they have not explained any of the evidence linking them to the six entities.  Most peculiar is John Brenans' signature as a member of BH2, LLC.  His status as a member of the limited liability corporation renders him an owner of the entity.  If it is true that the Brenans have an interest in any of the entities, the Brenans have not only been uncooperative in complying with the court order, but also have attempted to deceive the court.

Although the court acknowledges the Brenans' failure to comply with the court order, the court also must consider the

broad terms and general nature of the discovery requests.  The stipulated order does not spell out specifically which documents and information the Brenans must produce.  Rather, it was written broadly to encompass an array of documents and information.  Because the court may hold a party in contempt only for failure to comply with specific orders, the court will refrain from issuing such a harsh sanction at this time.  The Brenans now are apprised of their obligation to produce specific documents, and any further noncompliance may result in the Brenans being incarcerated until they produce the required information.

The Brenans' uncooperativeness and failure to comply cannot be completely forgiven.  The Brenans are **ORDERED** to pay the costs and expenses GAIC incurred in filing this motion.  GAIC is **DIRECTED** to file an affidavit setting forth its fees and expenses within 14 days of this order.

———————————

Based on the foregoing reasons, the Motion to Compel Compliance with Stipulated Order and/or for an Order to Show Cause Why John Brenan and Marla Brenan Should Not be Held in Contempt [DE 39] filed by the plaintiff, Great American Insurance Company, on June 28, 2011, is **GRANTED.**  In light of the court's ruling, an oral argument is unnecessary and GAIC's Motion for Oral Argument [DE 41] is **DENIED.**

ENTERED this 3rd day of October, 2011

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge